IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HYPOLITE,

     Plaintiff,                    No. CIV S-11-0990 GGH P

    vs.

BOARD OF PAROLE HEARINGS, et al.,

     Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. Docket # 4, filed on May 18, 2011.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 3.24 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1  Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the
2  preceding month's income credited to plaintiff's prison trust account.  These payments will be
3  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
4  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5  The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
10 U.S.C. § 1915A(b)(1),(2).

11 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.

18 A complaint must contain more than a "formulaic recitation of the elements of a
19 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
20 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
21 "The pleading must contain something more...than...a statement of facts that merely creates a
22 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
23 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
24 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
25 v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at
26 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff sues defendant Sandra Bryson, Board of Parole Hearings (BPH) Commissioner, and defendant BPH Deputy Commissioner Robert Harmon in their individual and official capacities; he sues the BPH in its official capacity. Complaint, p. 2.[1]  Plaintiff contends that the defendants' January 8, 2009, decision (which became final on May 8, 2009), denying him parole at his initial suitability hearing was arbitrary and fundamentally unfair; was in retaliation against him for exercising his First Amendment right to free speech to testify truthfully; and that the application of Proposition 9 violated plaintiff's due process and equal protection rights. Id. at 3.

Plaintiff sets forth in detail his claim that he is factually innocent of his conviction on one count of lewd acts with a minor and of a great bodily injury (GBI) allegation for which he was sentenced to 15 years to life under the "One Strike Law" (Cal. Penal Code § 667.61(b)). Complaint, p. 5.  Among his allegations of wrongful conviction and denial of parole, plaintiff claims that defendants' decision rested on fabrications that he had two adult convictions, including one for spousal abuse and one for battery although he has no adult convictions, and that he was convicted of GBI because he had infected the alleged victim with genital herpes type two when he has no genital herpes of any type and that there is no written genital swab test result that would support the conviction. Id., at 5-6. Notwithstanding, plaintiff's having presented to the

---

[1] The court's electronic pagination is referenced.

defendants clear and convincing evidence that the prosecutor had lied about his genital swab test result in 1997, and although they did not dispute this, defendants nevertheless denied plaintiff parole for ten years. Id. at 6. As relief for his nineteen claims (id. at 7-16), plaintiff seeks declaratory relief, prospective injunctive relief in the form of this court's enjoining defendants to delete various statements from the January 8, 2009 decision and money damages including punitive damages from the defendants. Id. at 16-19.

In Sellars v. Procunier, 641 F.2d 1295 (9th Cir.), cert. denied, 454 U.S. 1102 (1981), the Ninth Circuit addressed the question of whether parole board officials are entitled to qualified or absolute immunity from civil rights suits. The court considered the fact that "absolute immunity for parole board officials does leave the genuinely wronged prisoner without civil redress against the official whose malicious or dishonest actions deprive the prisoner of liberty." Id. at 1303. But the court reasoned that because "parole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole," the broader public interest would best be served by granting parole board officials the absolute immunity given to judges, in order to keep them free from fear of litigation. Therefore, the defendants appear to be absolutely immune from suit based on their decision at an initial parole board suitability hearing.

Moreover, in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional

4

>conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. <u>Id.</u>

In <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1997), the Ninth Circuit stated: "[w]e have no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement." Thus, the plaintiff's money damages claim under § 1983 of a due process violation when he was not found eligible for parole necessarily implicated "the validity of his continuing confinement and thus would "not accrue unless and until the conviction or sentence is reversed, expunged, invalidated or impugned by the grant of writ of habeas corpus." <u>Id.</u>, at 1025, citing <u>Heck</u>, 512 U.S. at 487, 114 S. Ct. at 2372.

Plaintiff makes no showing whatever that the parole denial has been reversed or invalidated, therefore, he may not proceed on his claim for money damages. This complaint will be dismissed with leave to amend although the court cannot discern how plaintiff may proceed on his claims within this action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.24. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: June 14, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
hypo0990.b