IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HYPOLITE,

    Plaintiff,                                No. CIV S-11-0990 GGH P

    vs.

BOARD OF PAROLE HEARINGS, et al.,

    Defendants.                             ORDER

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. Docket # 4, filed on May 18, 2011. By Order, filed on June 15, 2011, plaintiff's complaint was dismissed with leave to amend within twenty-eight days. On July 7, 2011, plaintiff filed both a motion for an extension of time to amend his complaint and a motion for reconsideration. By Order filed on July 14, 2011, plaintiff filed a request for clarification, wherein he explains that he intended the request for an extension of time to be considered after the court's ruling on the motion for reconsideration, wherein plaintiff asks the court to reconsider whether defendant Board of Parole Hearing (BPH) panel members are entitled to absolute immunity. Plaintiff claimed in his original complaint that the defendants' 2009 parole denial at his initial suitability hearing was

1 arbitrary and fundamentally unfair and was in retaliation for his exercise of his First Amendment

2 right to free speech to testify truthfully; he also contended that the application of Proposition 9

3 violated plaintiff's due process and equal protection rights.  Order, filed on June 15, 2011, citing

4 Complaint, p. 3.

5        With respect to his allegations against two BPH commissioners, the court stated,

6 in part:

> In Sellars v. Procunier, 641 F.2d 1295 (9th Cir.), cert. denied, 454
> U.S. 1102 (1981), the Ninth Circuit addressed the question of
> whether parole board officials are entitled to qualified or absolute
> immunity from civil rights suits.  The court considered the fact that
> "absolute immunity for parole board officials does leave the
> genuinely wronged prisoner without civil redress against the
> official whose malicious or dishonest actions deprive the prisoner
> of liberty." Id. at 1303.  But the court reasoned that because
> "parole board officials perform functionally comparable tasks to
> judges when they decide to grant, deny, or revoke parole," the
> broader public interest would best be served by granting parole
> board officials the absolute immunity given to judges, in order to
> keep them free from fear of litigation.  Therefore, the defendants
> appear to be absolutely immune from suit based on their decision
> at an initial parole board suitability hearing.

15 Order, filed on 6/15/11 (docket # 5), p. 4.

16        It is primarily to this aspect of the order that plaintiff addresses his request for

17 reconsideration.

18 <u>Standards For Motions To Reconsider</u>

19        Although motions to reconsider are directed to the sound discretion of the court,

20 Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),

21 considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j)

22 requires that a party seeking reconsideration of a district court's order must brief the "new or

23 different facts or circumstances [which] were not shown upon such prior motion, or what other

24 grounds exist for the motion."  The rule derives from the "law of the case" doctrine which

25 provides that the decisions on legal issues made in a case "should be followed unless there is

26 substantially different evidence . . . new controlling authority, or the prior decision was clearly

erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Plaintiff cites Burns v. Reed, 500 U.S. 478, 486-87, 111 S. Ct. 1934, 1939 (1991), for support for his position that defendant BPH panel members are not entitled to absolute immunity. Plaintiff cites Burns for the proposition "that the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." Id. That decision is specifically addressed to the question of absolute prosecutorial immunity, finding a prosecutor absolutely immune for a court appearance in support of a search warrant application and for presenting evidence at a hearing, but not for giving police legal advice. Id., at 492-496, 111 S. Ct. at 1942-45. Ironically, in quoting Burns, plaintiff appears to concede that the defendants are entitled to qualified immunity: "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." Motion, p. 2, citing id. Plaintiff goes on to state that qualified immunity is sufficient to cover defendants. Motion, p. 2. Of course, the upshot of entitlement to qualified immunity by the defendants is that plaintiff may not obtain money damages in a suit against them.

In addition, plaintiff relies on Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S. Ct. 496, 500 (1985) (Motion, p. 2), wherein the Supreme Court stated that it had not yet decided

whether state parole officials were entitled, as a matter of federal law, to absolute immunity. However, plaintiff in doing so misses the context relevant for this court:

> Although this Court has not decided whether state parole officials enjoy absolute immunity as a matter of federal law, see *Martinez v. California*, 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980), *federal appellate courts have so held*. See, e.g., *Sellars v. Procunier*, 641 F.2d 1295, 1303 (CA9), cert. denied, 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981); *Evans v. Dillahunty*, 711 F.2d 828, 830-831 (CA8 1983); *United States ex rel. Powell v. Irving*, 684 F.2d 494 (CA7 1982).

Id., at 200-01, 106 S. Ct. at 500 [emphasis added].

This court is bound by the Ninth Circuit precedent in Sellars, supra. Plaintiff revisits his claims that the defendant parole officials fabricated findings at his parole hearing for which he contends they had no jurisdiction. Motion, p. 3. Within his motion plaintiff also states:

> The core question presented to this Court in this § 1983 action, and the only question this Court need decide on this issue still remains: Whether plaintiff's telling the undisputed truth fully supported by clear and convincing evidence constitutes evidence that plaintiff "lacks insight."

Motion (docket # 9), p. 6.

Plaintiff emphasizes that he is trying to bring a challenge by way of a § 1983 action within "the parole context" whether his "telling the truth supported by clear and convincing evidence constitutes evidence that plaintiff 'lacks insight.'" Motion, p. 4. On the face of it, plaintiff appears to be, in this putative action under § 1983, attempting an end run around the ruling of Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 862 (2011), wherein it was found that "California's 'some evidence' rule" cannot be converted "into a substantive federal requirement" and that federal courts are precluded from review of the state court's application of its "some evidence" standard in the context of a 28 U.S.C. § 2254 habeas petition challenging a denial of parole. However, plaintiff's claims are very specific to his 2009 parole denial and do not appear to fit within the parameters of Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005), which challenged the constitutionality of the application of certain

4

parole procedures to the plaintiffs and wherein "[s]uccess...does not mean immediate release from confinement or a shorter stay in prison" but "at most [a] new eligibility review" or "a new parole hearing. . . ." Plaintiff might make this argument with regard to the application of Proposition 9 to him in an amended complaint, when he maintains that this proposition should not be applied to him based on his contention that this law applies only to those convicted of murder. Motion, p. 8.[1] Nevertheless, plaintiff is not correct that with respect to his challenge to the specific findings of the parole denial that it is not subject, to the extent he seeks money damages, to the bar of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) and Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997), as set forth in the order plaintiff challenges. Plaintiff does not present a sound basis for the court to modify its prior order, and the order will be affirmed. The undersigned will, however, permit plaintiff an additional twenty-eight days to file an amended complaint.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Upon plaintiff's motion for reconsideration, filed on July 7, 2011 (docket # 9), this court's Order, filed on June 15, 2011 (docket # 5), is affirmed;

    2. Plaintiff's motion for clarification, filed on July 13, 2011 (docket # 11), is denied as moot;

////

////

////

---

[1] Currently, there is a class action proceeding, Gilman v. Fisher, CIV-S-05-0830 LKK GGH, wherein "the procedures used in determining suitability for parole: the factors considered, the explanations given, and the frequency of the hearings" are what is at issue. Docket # 182 of Case No. 05-CV-0830., p. 7 [emphasis in original]. The "frequency of the hearings" is precisely what is at issue in the instant claim. The Gilman class is made up of "California state prisoners who: '(i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions.'" Id., p. 9. Plaintiff, however, may not fit within the class parameters to the extent that he can claim that he was not sentenced to life; however, that is not at all clear.

3. Plaintiff is granted a further extension of time of twenty-eight days from the filed date of this order to file an amended complaint, with no further extension to be granted; failure to file an amended complaint will result in dismissal of this action. Fed. R. Civ. P. 41 (b); Local Rule 110.

DATED: August 9, 2011

                                 /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE

GGH:009
hypo0990.ord