IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HYPOLITE,

    Plaintiff,                           No. CIV S-11-0990 GGH P

    vs.

BOARD OF PAROLE HEARINGS, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed August 31, 2011, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

        As plaintiff has been informed previously, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4 Cir. 1989); Franklin, 745 F.2d at 1227.
5         A complaint must contain more than a "formulaic recitation of the elements of a
6 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
7 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
8 "The pleading must contain something more...than...a statement of facts that merely creates a
9 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
10 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
11 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
12 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
13 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
14 that allows the court to draw the reasonable inference that the defendant is liable for the
15 misconduct alleged." Id.
16         In reviewing a complaint under this standard, the court must accept as true the
17 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
19 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
20 1843 (1969).
21         Once again, plaintiff names as defendants Sandra Bryson, Board of Parole
22 Hearings (BPH) Commissioner, and BPH Deputy Commissioner Robert Harmon in their
23 individual and official capacities; he sues the BPH in its official capacity.  Plaintiff lays out his
24 claims in some detail but, in doing so, he does not cure the defects of the original complaint.
25         Plaintiff recounts how he presented clear and convincing evidence at his January
26 8, 2009, initial parole suitability hearing of the state prosecutor having lied about plaintiff's

having tested positive for herpes virus when he was convicted of one count of a lewd act with a minor with a great bodily injury allegation. Amended Complaint (AC), pp. 5-6. He claims that the factual predicate for the great bodily injury claim was that he had allegedly infected the victim with genital herpes type two, for which he received a 15-year-to-life sentence under the "one strike law." Id., at 5. However, he produced evidence that his blood tested negative for the I.G.M. antibody to both type one and type two herpes. Id., at 6. Plaintiff claims his evidence before the parole panel was undisputed at the hearing and that defendants' decision denying him parole for ten years because plaintiff repeatedly said "'the prosecutor lied and I shouldn't be here in the first place'" showing that he "'lacks insight.'" Id.

He then goes on to assert that the defendants failed "to articulate a rational nexus to plaintiff's current dangerousness" and that, as he is subject to deportation for his "wrongful conviction" so that he poses no risk to the safety of anyone in California or this country should he be released. AC, pp. 6-7. Plaintiff then states, in an effort to get around the obstacles to his proceeding identified in the court's initial screening order: "[p]laintiff makes clear that he is not challenging the underlying conviction and sentence in this 1983 action. He is now challenging *only* the defendants' decisions." [Plaintiff's emphasis.] Id., at 7.

Plaintiff then sets forth eighteen claims, raising claims of violations of his Fourteenth Amendment substantive due process rights, all essentially centering on a claim, although not articulated as such, that the parole denial is not supported by "some evidence." AC, pp. 7-16. Plaintiff also claims that defendants retaliated against him for exercising his First Amendment right to free speech. Id., at 13-14. Plaintiff claims that Proposition 9 (Marsy's Law) is unconstitutional and, as applied to him, violates the Ex Post Facto Clause and in addition is mis-applied to him because it was intended to apply not to him but to those convicted of murder, which also violates his Fourteenth Amendment equal protection rights. Id., at 15-16. He then claims that to the extent Prop. 9 is constitutional and was intended to apply to him, defendants violated his Fourteenth Amendment rights in not meeting the Prop. 9 notification requirement by

3

failing to notify the victims of his alleged crime in advance of the hearing. Id., at 15. Plaintiff asks for declaratory and injunctive relief as well as money damages. Id., at 3, 16-18.

As plaintiff has been previously informed, defendants appear to have absolute immunity from suit based on their decision at an initial parole board suitability hearing, pursuant to binding Ninth Circuit law, as this court affirmed upon plaintiff's request for reconsideration of this issue in an order, filed on August 10, 2011. Plaintiff has been twice informed that in Sellars v. Procunier, 641 F.2d 1295 (9th Cir.), cert. denied, 454 U.S. 1102 (1981), that while the Ninth Circuit did consider that granting absolute immunity to parole board officials would "leave the genuinely wronged prisoner without civil redress against the official whose malicious or dishonest actions deprive the prisoner of liberty," id. at 1303, that because "parole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole," the broader public interest would best be served by providing parole board officials the absolute immunity given to judges, affording parole board officials the ability to function without fear of litigation. In seeking to implicate as defendants those who are absolutely immune from suit for a decision made in their capacity as parole board officials at a parole hearing, plaintiff stubbornly continues to seek to jettison authority that is binding on this district court.

As to the state entity defendant, BPH, which plaintiff sues in an official capacity evidently for injunctive relief, plaintiff is not only barred from suing it in an individual capacity, under § 1983, from suit for money damages, but is also barred from an official capacity suit by the Eleventh Amendment. See Brown v. California Department of Corrections, 554 F.3d 747, 752 (9th Cir. 2009), quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("[i]n the absence of a waiver by the state or a valid congressional override, under the Eleventh Amendment, agencies of the state are immune from private damage actions *or suits for injunctive relief* brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity."

4

[Emphasis added.]).[1]

Moreover, as a separate issue, the court has previously detailed to plaintiff that to the extent this is an action for damages, it is barred under § 1983 is barred absent a showing that the decision denying parole has been reversed, invalidated or expunged. See Order, filed on June 15, 2011, pp. 4-5, citing Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) and Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997). It is unclear whether plaintiff has ever sought to challenge the parole decision by way of a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Muhammad v. Close, 540 U.S.749, 750-752, 124 S.Ct. 1303, 1304-1305 (2004) (per curiam) ("[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") As the court noted in its order affirming its order, filed on June 15, 2011, on plaintiff's motion for reconsideration, it may be that plaintiff is seeking to attempt

> an end run around the ruling of Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 862 (2011), wherein it was found that "California's 'some evidence' rule" cannot be converted "into a substantive federal requirement" and that federal courts are precluded from review of the state court's application of its "some evidence" standard in the context of a 28 U.S.C. § 2254 habeas petition challenging a denial of parole.

---

[1] The Eleventh Amendment also prohibits suits for damages in federal court against individual defendants who are state officials in their official capacities. Dittman, 191 F.3d at 1026. Although state officials may nevertheless by enjoined "to conform their future conduct to the requirements of federal law," id., in this instance, as noted, the individual defendants named are absolutely immune from suit. Mullis v. U.S. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987) (where "appellees . . .engaged in judicial or quasi-judicial acts and were not acting in the clear absence of all jurisdiction, they are absolutely immune from damages and from declaratory and injunctive relief.") While under Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), immunity in § 1983 actions for prospective injunctive relief did not extend to judges and those who perform judge-like functions, Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc), Congress subsequently enacted a statute"which restored absolute immunity and legislatively reversed Pulliam in several important aspects." Kampfer v. Scullin, 989 F. Supp; 194, 201 (N.D.N.Y. 1997)(section 309 of the Federal Courts Improvement Act of 1996 "bars awards of injunctive relief against judges for acts or omissions taken in their judicial capacities in section 1983 actions unless a declaratory decree was violated or declaratory relief was unavailable.")

1  Order, filed on August 10, 2011, p. 4.

2  In that order, plaintiff was cautioned that the claims he made were so specific to
3  his 2009 parole denial that they "do not appear to fit within the parameters of Wilkinson v.
4  Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005), which challenged the constitutionality of
5  the application of certain parole procedures to the plaintiffs and wherein '[s]uccess...does not
6  mean immediate release from confinement or a shorter stay in prison" but "at most [a] new
7  eligibility review' or 'a new parole hearing. . . .'"  Plaintiff was told that he might make, in an
8  amended complaint, an argument about the application of Prop. 9 to him in maintaining that the
9  proposition should not be applied to him based on his claim that Marsy's Law only applies to
10 convicted murderers.  Order, filed on Aug. 10, 2011, p. 5.

11 Plaintiff was also informed about Gilman v. Fisher, CIV-S-05-0830 LKK GGH,
12 the class action which raises the following issues: "the procedures used in determining suitability
13 for parole: the factors considered, the explanations given, and the frequency of the hearings."
14 Docket # 182 of Case No. 05-CV-0830., p. 7 [emphasis in original].  Likewise, plaintiff's
15 concern herein is the "frequency of the hearings."  Plaintiff was further informed that the Gilman
16 class is made up of "California state prisoners who: '(i) have been sentenced to a term that
17 includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for
18 parole; and (iv) have been denied parole on one or more occasions.'"  Id., p. 9.  Based on
19 plaintiff's contention about the misapplication of Marsy's Law to him, the undersigned noted that
20 plaintiff might not fit within the class parameters to the extent that he could claim that he was not
21 sentenced to life.  See Order, filed on Aug. 10, 2011, p. 5, n. 1.  However, plaintiff has now
22 clarified any question in that regard by expressly stating that he is serving a sentence of fifteen
23 years to life.  There does not appear to be any colorable basis on which plaintiff can proceed.

24 "Under Ninth Circuit case law, district courts are only required to grant leave to
25 amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a
26 complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,

Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124.  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).   This court gave plaintiff leave to amend even though it could not discern how plaintiff might proceed on his claims.  Further leave to amend appears futile and this case will now be dismissed.

        Accordingly, IT IS ORDERED that this action be dismissed for failure to state a claim upon which relief can be granted.

DATED: November 9, 2011

                                      /s/ Gregory G. Hollows  
                                  UNITED STATES MAGISTRATE JUDGE

GGH:009  
hypo0990.ord2